1   Randall Allen (State Bar No. 264067)
    **ALSTON + BIRD LLP**
2   Two Palo Alto Square
    3000 El Camino Real, Suite 400
3   Palo Alto, California  94306
    Telephone:  650-838-2000
4   Facsimile:  650-838-2001
    Email:  randall.allen@alston.com
5
    Peter Kontio (peter.kontio@alston.com)
6   Valarie C. Williams (valarie.williams@alston.com)
    B. Parker Miller (parker.miller@alston.com)
7   Joann E. Johnston (joann.johnston@alston.com)
    Lisa K. Bojko (lisa.bojko@alston.com)
8   **ALSTON + BIRD LLP**
    1201 West Peachtree Street
9   Atlanta, Georgia 30309
    Telephone:  404-881-7000
10  Facsimile:  404-881-7777

11  Richard W. Stimson (rick.stimson@alston.com)
    **ALSTON + BIRD LLP**
12  Chase Tower, Suite 3601
    2200 Ross Avenue
13  Dallas, Texas 75201
    Telephone:  214-922-3400
14  Facsimile:  214-922-3899

15  *Attorneys for Plaintiffs Nokia Corporation and Nokia Inc.*

16

17              **UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
18                    **SAN FRANCISCO DIVISION**

19

20  IN RE TFT-LCD (FLAT PANEL)
    ANTITRUST LITIGATION                    CASE NO:  3:09-CV-5609

21                                          MDL FILE NO:  M:07-CV-1827-SII

22  NOKIA CORPORATION and                   **DECLARATION OF VALARIE C.**
    NOKIA INC.,                             **WILLIAMS IN SUPPORT OF**
23                                          **PLAINTIFFS NOKIA**
                       Plaintiffs,          **CORPORATION AND NOKIA**
24                                          **INC.'S MOTION TO SERVE**
    v.                                      **DEFENDANTS CHUNGHWA**
25                                          **PICTURE TUBES LTD. AND**
                                            **TATUNG COMPANY THROUGH**
26  AU OPTRONICS CORPORATION; AU            **U.S. COUNSEL PURSUANT TO**
    OPTRONICS CORPORATION                   **FED. R. CIV. P. 4(f)(3)**
27  AMERICA, INC.; CHUNGHWA PICTURE
    TUBES, LTD.; TATUNG COMPANY;
28  TATUNG COMPANY OF AMERICA, INC.;

    DECLARATION OF VALARIE C. WILLIAMS IN SUPPORT           MASTER FILE NO. M:07-CV-1827-SII
    OF THE MOTION TO SERVE DEFENDANTS THROUGH U.S.                   CASE NO. 3:09-CV-5609
    COUNSEL

| | |
|---|---|
| 1 | SEIKO EPSON CORPORATION; EPSON IMAGING DEVICES CORPORATION; |
| 2 | EPSON ELECTRONICS AMERICA, INC.; HITACHI, LTD.; HITACHI DISPLAYS, LTD.; HITACHI ELECTRONIC DEVICES |
| 3 | (USA), INC.; LG DISPLAY CO. LTD.; LG DISPLAY AMERICA, INC.; PHILIPS |
| 4 | ELECTRONICS NORTH AMERICA CORPORATION; SAMSUNG |
| 5 | ELECTRONICS CO., LTD.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG |
| 6 | ELECTRONICS AMERICA, INC.; SAMSUNG SDI CO., LTD.; SAMSUNG SDI |
| 7 | AMERICA, INC.; SHARP CORPORATION; SHARP ELECTRONICS CORPORATION; |
| 8 | TOSHIBA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS, |
| 9 | INC.; TOSHIBA MOBILE DISPLAY CO., LTD.; and TOSHIBA AMERICA |
| 10 | INFORMATION SYSTEMS, INC., |
| 11 | Defendants. |

I, Valarie C. Williams, hereby declare as follows:

1.     I am an attorney at the law firm of Alston + Bird LLP, which represents Nokia Corporation and Nokia Inc. (collectively "Plaintiffs") in the above-captioned action (the "Nokia Action") as well as related multidistrict litigation captioned *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. M:07-CV-1827-SII (the "MDL"), currently pending in the U.S. District Court for the Northern District of California.

2.     I am a member in good standing of the State Bar of Georgia and admitted to practice before the U.S. District Court for the Northern District of Georgia. I have also been admitted to this Court *pro hac vice* as counsel for Plaintiffs pursuant to the Court's Pretrial Order No. 1 in the MDL. [MDL Docket No. 180].

3.     I submit this declaration in accordance with Local Rule 7-5, N.D. Cal., to set forth facts in support of Plaintiff's Motion to Serve Defendants Chunghwa Picture Tubes Ltd. and Tatung Company Through U.S. Counsel Pursuant to Fed. R. Civ. P. 4(f)(3), filed concurrently herewith.

4.     The matters stated herein are true to my own personal knowledge, and, if called as a witness, I could and would competently testify thereto.

5.   On November 25, 2009 Nokia filed a Complaint for Damages and Injunctive Relief (the "Complaint") in the above-captioned litigation against, among others, including Chunghwa Picture Tubes, Ltd. ("Chunghwa") and Tatung Company ("Tatung").   The Complaint alleges violations of Section 1 of the Sherman Antitrust Act and various state antitrust and unfair competition laws.

6.   On November 25, 2009, the Clerk of Court for the U.S. District Court for the Northern District of California issued summonses for the defendants named in the Complaint, including Chunghwa and Tatung [Nokia Action Docket No. 2].

7.   Pursuant to the Judicial Panel on Multidistrict Litigation's Order dated April 17, 2007, and this Court's Pretrial Order No. 1 dated July 3, 2007, Nokia's individual action was automatically consolidated with the MDL for all pretrial proceedings.

8.   After review of the MDL docket via the Court's ECF/PACER system, I determined the following:

    a.   Chunghwa has been represented in the MDL by the law firm Gibson, Dunn, & Crutcher LLP ("Gibson Dunn") at One Montgomery Street, San Francisco, CA 94105 since June 2008.   Since that time, Gibson Dunn has repeatedly appeared as counsel for Chunghwa and has answered complaints, provided declarations, petitioned the Court for an extension, joined defendants' motions in opposition and participated in class settlement discussions on Chunghwa's behalf.   Most recently, Gibson Dunn negotiated a settlement agreement between Chunghwa and the Direct Purchaser Plaintiffs in the MDL.   [Docket No. 776, 1236, 1440, 1483, 1516].

    b.   Tatung Company of America, Inc. ("Tatung America"), a subsidiary of Tatung, has been represented in the MDL by the law firm Baker & McKenzie LLP ("Baker") at Two Embarcadero Center, 11th Floor, San Francisco, CA 94111 since January 2008.   Since that time, Baker has repeatedly appeared as counsel for Tatung America.   Baker has submitted motions to dismiss, provided declarations, answered complaints, joined in motions opposing class

certification and attended depositions on behalf of Tatung America.  There have been twelve (12) case management conferences since Gibson Dunn first appeared in the MDL, and six (6) since Baker first appeared.  By virtue of the Foreign Defendants' and their counsel's substantive involvement in the MDL, it is clear that the Foreign Defendants have had notice of Nokia's action against them.  [Docket No. 470, 775, 857, 913, 1103].

9.      On November 30, 2009, Plaintiff sent to each of the defendant's U.S. counsel a copy of the Complaint, a Notice of Lawsuit and Request to Waive Service of a Summons, two copies of a Waiver of the Service of Summons (collectively the "Service Documents"), and a prepaid envelope for returning an executed copy of the Waiver of Service of Summons.

10.      Attached hereto as Exhibit A is a true and correct copy of the letter, request to waive service of the summons, and a copy of a waiver of the service of summons that I sent to Gibson Dunn as Chunghwa's U.S. counsel on November 30, 2009.  Attached hereto as Exhibit B is a true and correct copy of the letter, request to waive service of the summons, and a copy of a waiver of the service of summons that I sent to Baker as Tatung America's U.S. counsel on November 30, 2009.[1]

11.      On November 30, 2009, I also emailed a copy of the Service Documents to lead counsel of record for Chunghwa and Tatung to at the email address listed on the MDL docket.

12.      Attached hereto as Exhibit C is a true and correct copy of the email attaching the Service Documents that I sent to Gibson Dunn as Chunghwa's lead U.S. counsel on November 30, 2009.  Attached hereto as Exhibit D is a true and correct copy of the email attaching the Service Documents that I sent to Baker as Tatung America's lead U.S. counsel on November 30, 2009.

13.      Since sending the Service Documents to counsel for each of the Defendants, Nokia has been in negotiations with those attorneys regarding whether Defendants are willing to waive service of the Complaint.

14.      In a stipulation filed with the Court on February 26, 2010, twenty-one (21) Defendants,

---

[1] Nokia mailed the Service Documents to Tatung America's counsel, Gibson Dunn, on November 30, 2009, but those documents were returned to sender due to a change of office location and an expired forwarding address request.  The Service Documents were resent to the correct address on December 9, 2009.

DECLARATION OF VALARIE C. WILLIAMS IN SUPPORT      4
OF THE MOTION TO SERVE DEFENDANTS THROUGH U.S.
COUNSEL

MASTER FILE NO. M:07-CV-1827-SII
CASE NO. 3:09-CV-5609

including Tatung America, stipulated to the waiver of service of process of Nokia's Complaint.[2]

Neither Chunghwa nor Tatung joined in the stipulation.[3]

15.     Neither Chunghwa nor Tatung has stipulated to a waiver of service of the Complaint or returned to me a signed Waiver of the Service of Summons.

16.     I have been in contact with representatives from APS International, Ltd. ("APS") with regard to translating Nokia's Compliant and other documents associated with the Nokia Action into Chinese and effecting service on Chunghwa and Tatung in Taiwan via the letter rogatory process.

17.     Attached hereto as Exhibit E is a true and correct copy of the estimate that APS has provided Nokia regarding the costs that it would incur in serving Chunghwa and Tatung in Taiwan via the letter rogatory process (the "APS Estimate").

18.     According to the APS Estimate, Nokia will incur a charge of $5,915.00 for translating Nokia's Complaint and the other documents associated with the Nokia Action into Chinese.  APS also estimates that Nokia will incur charges of $2,476.40 each for processing the letters rogatory for Chunghwa and Tatung and for paying the fees required by the U.S. Department of State for service on those entities.

19.     According to the APS Estimate, service of Nokia's Complaint and other documents associated with the Nokia Action by the letter rogatory process could take six (6) to twelve (12) months to complete.

20.     According to the current schedule, depositions of current and former Chunghwa employees are scheduled to begin in May 2010.

---

[2] Defendants signing the stipulation included the following:  (i) AU Optronics Corporation; (ii) AU Optronics Corporation of America, Inc.; (iii) Seiko Epson Corporation; (iv) Epson Imaging Devices Corporation; (v) Epson Electronics America, Inc.; (vi) Hitachi, Ltd.; (vii) Hitachi Displays, Ltd.; (viii) Hitachi Electronic Devices (USA); (ix) LG Display Co., Ltd.; (x) LG Display America, Inc.; (xi) Philips Electronics North America Corporation; (xii) Samsung Electronics Co., Ltd.; (xiii) Samsung Semiconductor, Inc.; (xiv) Samsung Electronics America, Inc.; (xv) Sharp Corporation; (xvi) Sharp Electronics Corporation; (xvii) Tatung Company of America, Inc.; (xviii) Toshiba Corporation; and (xix) Toshiba America Electronics Components; (xx) Toshiba Mobile Display Co., Ltd.; and (xxi) Toshiba America Information Systems, Inc.

[3] Defendant Samsung SDI Co., Ltd. and Samsung SDI America, Inc. declined to sign the February 26, 2010 stipulation.  On March 1, 2010, Nokia formally served the Complaint on Samsung SDI America, Inc.  Samsung SDI Co., Ltd. has since agreed to accept service through its U.S. counsel. [Docket No. 1613].

DECLARATION OF VALARIE C. WILLIAMS IN SUPPORT          5          MASTER FILE NO. M:07-CV-1827-SII
OF THE MOTION TO SERVE DEFENDANTS THROUGH U.S.                          CASE NO. 3:09-CV-5609
COUNSEL

1    **I declare under penalty of perjury that the foregoing is true and correct.**

2    Executed this 26th day of March, 2010, in Atlanta, Georgia.

3

4

5    _____

      Valarie C. Williams
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax:404-881-7777
www.alston.com

Valarie C. Williams   Direct Dial: 404-881-7631   E-mail: valarie.williams@alston.com

November 30, 2009

### VIA E-MAIL AND FIRST CLASS MAIL

Joel Sanders
GIBSON, DUNN & CRUTCHER LLP
Post Montgomery Center
One Montgomery Street
San Francisco, California 94105
Email: jsanders@gibsondunn.com

   Re: *Nokia Corporation and Nokia Inc. v. AU Optronics Corporation et al*,
     Case No. 09-CV-5609-EDL, U.S. District Court for the Northern District
     of California

Dear Joel:

   We represent Plaintiffs Nokia Corporation and Nokia Inc. (collectively "Nokia")
in connection with the above-captioned lawsuit filed on November 25, 2009, in the U.S.
District Court for the Northern District of California. Chunghwa Picture Tubes, Ltd.
("Chunghwa") has been named as a defendant in the lawsuit.

   We understand that you are representing Chunghwa in a related multidistrict
litigation action pending in the U.S. District Court for the Northern District of California
captioned *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. M:07-CV-1827-SI.
Because Nokia's claims are related to claims in the multidistrict action, we anticipate that
this lawsuit will be consolidated with Case No. M:07-CV-1827-SI for pretrial
proceedings.

   Because you already represent Chunghwa in *In re TFT-LCD (Flat Panel)
Antitrust Litigation*, Case No. M:07-CV-1827-SI, we request that your client agree to
waive formal service of process pursuant to Federal Rule of Civil Procedure 4(d). To that
end, enclosed please find the following:

    1. Complaint;

    2. Certificate of Interested Entities and Persons;

---

November 30, 2009
Page 2

3.   Notice of a Lawsuit and Request to Waive Service of a Summons;

4.   Two copies of a Waiver of the Service of Summons; and

5.   Self-addressed, postage prepaid envelope.

If your client agrees to waive service of process, please sign one of the Waiver forms and send the executed form back to us in the enclosed self-addressed, postage prepaid envelope within the time limit set forth on the enclosed Notice of a Lawsuit.

Please note if your client agrees to waive service, the time for Chunghwa to answer Nokia's Complaint will be extended as set forth in the Waiver of Service of Summons. If you have any questions, please feel free to contact me directly. Thank you in advance for your cooperation.

Sincerely,

Valarie C. Williams

VCW:jej
Enclosures

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| NOKIA CORPORATION and NOKIA INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   09-CV-5609-EDL |
| CHUNGHWA PICTURE TUBES LTD. | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: CHUNGHWA PICTURE TUBES LTD.

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __60__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   __11/30/2009__                        _C a ll_
                                                         *Signature of the attorney or unrepresented party*

                                                         C. Augie Rakow
                                                         *Printed name*

                                                         ALSTON & BIRD LLP
                                                         Two Palo Alto Square,
                                                         3000 El Camino Road, Palo Alto, CA  94306
                                                         *Address*

                                                         augie.rakow@alston.com
                                                         *E-mail address*

                                                         (650) 848-2000
                                                         *Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   09-CV-5609-EDL |
| AU OPTRONICS CORPORATION et al | ) |
| *Defendant* | ) |

### WAIVER OF THE SERVICE OF SUMMONS

To:   Valarie Williams, ALSTON & BIRD LLP
       *(Name of the plaintiff's attorney or unrepresented plaintiff)*

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____11/30/2009_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                                           _____
                                                              *Signature of the attorney or unrepresented party*

_____            _____
    *Printed name of party waiving service of summons*                                *Printed name*

                                                              _____
                                                                *Address*

                                                                _____
                                                             *E-mail address*

                                                                _____
                                                             *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

      Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

      "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

      If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

      If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# EXHIBIT B

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax:404-881-7777
www.alston.com

Valarie C. Williams                   Direct Dial: 404-881-7631          E-mail: valarie.williams@alston.com

November 30, 2009

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Patrick J. Ahern
BAKER & MCKENZIE LLP
Two Embarcadero Center
11th Floor
San Francisco, California 94111-3802
Email: Patrick.j.ahern@bakernet.com

> Re:   *Nokia Corporation and Nokia Inc. v. AU Optronics Corporation et al*,
>        Case No. 09-CV-5609-EDL, U.S. District Court for the Northern District
>        of California

Dear Patrick:

We represent Plaintiffs Nokia Corporation and Nokia Inc. (collectively "Nokia") in connection with the above-captioned lawsuit filed on November 25, 2009, in the U.S. District Court for the Northern District of California. Tatung Company and Tatung Company of America (collectively the "Tatung Defendants") have been named as defendants in the lawsuit.

We understand that you are representing one of the Tatung Defendants in a related multidistrict litigation action pending in the U.S. District Court for the Northern District of California captioned *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. M:07-CV-1827-SI. Because Nokia's claims are related to claims in the multidistrict action, we anticipate that this lawsuit will be consolidated with Case No. M:07-CV-1827-SI for pretrial proceedings.

Because you already represent one of the Tatung Defendants in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. M:07-CV-1827-SI, we request that you agree, on behalf of both Tatung Defendants, to waive formal service of process pursuant to Federal Rule of Civil Procedure 4(d). To that end, enclosed please find the following:

1.   Complaint;

2.   Certificate of Interested Entities and Persons;

November 30, 2009
Page 2

3. Notice of a Lawsuit and Request to Waive Service of a Summons for each of the defendants;

4. Two copies of a Waiver of the Service of Summons for each of the defendants; and

5. Self-addressed, postage prepaid envelope.

If the Tatung Defendants agree to waive service of process, please sign one of the Waiver forms for each entity and send the executed forms back to us in the enclosed self-addressed, postage prepaid envelope within the time limit set forth on the enclosed Notices of a Lawsuit.

Please note if the Tatung Defendants agree to waive service, the time for them to answer Nokia's Complaint will be extended as set forth in the Waivers of Service of Summons. If you have any questions, please feel free to contact me directly. Thank you in advance for your cooperation.

Sincerely,

Valarie Williams

Valarie C. Williams

by AP.

VCW:jej
Enclosures

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| NOKIA CORPORATION and NOKIA INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   09-CV-5609-EDL |
| TATUNG COMPANY | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   TATUNG COMPANY

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   60   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:    11/30/2009

*Signature of the attorney or unrepresented party*

C. Augie Rakow
*Printed name*

ALSTON & BIRD LLP
Two Palo Alto Square,
3000 El Camino Road, Palo Alto, CA  94306
*Address*

augie.rakow@alston.com
*E-mail address*

(650) 848-2000
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| NOKIA CORPORATION and NOKIA INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   09-CV-5609-EDL |
| AU OPTRONICS CORPORATION et al | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Valarie Williams, ALSTON & BIRD LLP
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____11/30/2009_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

_____　　　　　　　_____
*Printed name of party waiving service of summons*　　　　　*Printed name*

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# EXHIBIT C

| From: | Williams, Valarie |
|---|---|
| Sent: | Monday, November 30, 2009 11:03 PM |
| To: | 'jsanders@gibsondunn.com' |
| Cc: | Kontio, Peter; Allen, Randall; Miller, Parker |
| Subject: | Nokia Corporation and Nokia Inc. v. AU Optronics Corporation et al. |

Dear Joel:

Please see the attached correspondence regarding the lawsuit filed by Nokia
Corporation and Nokia Inc. last week in which your client was named as a
defendant.  Please feel free to contact me directly with any questions.

Thanks,
Valarie

**Valarie C. Williams**
*Alston & Bird LLP*
*One Atlantic Center*
*1201 West Peachtree Street, N.W.*
*Atlanta, Georgia 30309*
*404-881-7631 direct*
*404-253-8892 fax*
*valarie.williams@alston.com*

     

| Waiver | 2009-11-25 Civil | 2009-11-25 | 2009-11-25 | 2009-11-25 | 2009-11-25 Notice |
|---|---|---|---|---|---|
| unghwa).pdf (1,000 | Cover Sheet.p... | omplaint.pdf (3 MB. | mmons.pdf (127 KB | Certificate of Inte... | of Related C... |

# EXHIBIT D

| From: | Williams, Valarie |
|---|---|
| Sent: | Monday, November 30, 2009 11:07 PM |
| To: | 'patrick.j.ahern@bakernet.com' |
| Cc: | Kontio, Peter; Allen, Randall; Miller, Parker |
| Subject: | Nokia Corporation and Nokia Inc. v. AU Optronics Corporation et al |

Dear Patrick:

Please see the attached correspondence regarding the lawsuit filed by Nokia Corporation and Nokia Inc. last week in which one of your clients was named as a defendant.  Please feel free to contact me directly with any questions.

Thanks,
Valarie

**Valarie C. Williams**
*Alston & Bird LLP*
*One Atlantic Center*
*1201 West Peachtree Street, N.W.*
*Atlanta, Georgia 30309*
*404-881-7631 direct*
*404-253-8892 fax*
*valarie.williams@alston.com*

     

Waiver (Tatung).pdf (2 MB)    2009-11-25 Civil Cover Sheet.p...    2009-11-25 omplaint.pdf (3 MB.    2009-11-25 mmons.pdf (127 KB    2009-11-25 Certificate of Inte...    2009-11-25 Notice of Related C...

# EXHIBIT E



## Civil Action Group
### dba APS International, Ltd.
APS International Plaza · 7800 Glenroy Road
Bloomington, Minnesota 55439-3122
(952) 831-7776

**QUOTE**
APS File No: 256297-0003

**March 09, 2010**

Please make all checks
payable to:

Civil Action Group, Ltd.

**BILL TO:**

ALSTON & BIRD LLP
Attn: Mr. Donald M. Houser
1201 W. Peachtree St.
Atlanta, GA 30309-3424

| | |
|---|---|
| Case Name: | Nokia Corporation v AU Optronics Corporation |
| Attorney File #: | |
| Subject: | Defendant 1-Taiwan |
| Location: | , Taiwan |

## CHARGES

| Date | Service Type | Quantity | Price | Extended | Amount Paid | Balance Due |
|------|--------------|----------|-------|----------|-------------|-------------|
| 09-Mar-2010 | Letters Rogatory Processing Fee | 1 | 525.00 | 525.00 | | |
| 09-Mar-2010 | Language: Chinese | 1 | 130.00 | 130.00 | | |
| 09-Mar-2010 | Language: Chinese | 75 | 65.00 | 4,875.00 | | |
| 09-Mar-2010 | Language: Chinese | 7 | 97.50 | 682.50 | | |
| 09-Mar-2010 | Translation of Letter Rogatory | 3 | 65.00 | 195.00 | | |
| 09-Mar-2010 | Department of State Processing | 1 | 735.00 | 735.00 | | |
| 09-Mar-2010 | Copy Charges | 258 | 0.40 | 103.20 | | |
| | **Total Charges:** | | | 7,245.70 | | |

| | |
|---|---|
| **Balance Due:** | **$7,245.70** |

We accept Visa and Mastercard.

*Page 1 of 1*

IMPORTANT -- FOR PROPER CREDIT, PLEASE RETURN A COPY OF THIS QUOTE WITH PAYMENT.
APS Federal Tax ID #41-1954233



**Civil Action Group**

dba APS International, Ltd.

APS International Plaza · 7800 Glenroy Road
Bloomington, Minnesota 55439-3122
(952) 831-7776

***QUOTE***

*APS File No: 256297-0004*

*March 09, 2010*

Please make all checks
payable to:

Civil Action Group, Ltd.

*BILL TO:*

ALSTON & BIRD LLP
Attn: Mr. Donald M. Houser
1201 W. Peachtree St.
Atlanta, GA  30309-3424

Case Name:      Nokia Corporation  v  AU Optronics Corporation
Attorney File #:
Subject:        Defendant 2-Taiwan
Location:       , Taiwan

## CHARGES

| Date | Service Type | Quantity | Price | Extended | Amount Paid | Balance Due |
|------|--------------|----------|-------|----------|-------------|-------------|
| 09-Mar-2010 | Letters Rogatory Processing Fee | 1 | 275.00 | 275.00 | | |
| 09-Mar-2010 | Translation of Letter Rogatory | 1 | 32.50 | 32.50 | | |
| 09-Mar-2010 | Copy Charges | 258 | 0.40 | 103.20 | | |
| 09-Mar-2010 | Department of State Processing | 1 | 735.00 | 735.00 | | |
| | Total Charges: | | | 1,145.70 | | |

| Balance Due: | $1,145.70 |
|--------------|-----------|

We accept Visa and Mastercard.

*Page 1 of 1*

IMPORTANT -- FOR PROPER CREDIT, PLEASE RETURN A COPY OF THIS QUOTE WITH PAYMENT.
APS Federal Tax ID #41-1954233