1  Randall Allen (State Bar No. 264067)
   **ALSTON + BIRD LLP**
2  275 Middlefield Road, Suite 150
3  Menlo Park, California  94025
   Telephone: 650-838-2000
4  Facsimile: 650-838-2001
   Email:  randall.allen@alston.com
5

6  Peter Kontio (peter.kontio@alston.com)
   Valarie C. Williams (valarie.williams@alston.com)
7  B. Parker Miller (parker.miller@alston.com)
   **ALSTON + BIRD LLP**
8  1201 West Peachtree Street
   Atlanta, Georgia 30309
9  Telephone: 404-881-7000
   Facsimile: 404-881-7777
10

11 Richard W. Stimson (rick.stimson@alston.com)
   **ALSTON + BIRD LLP**
12 Chase Tower, Suite 3601
   2200 Ross Avenue
13 Dallas, Texas 75201
   Telephone: 214-922-3400
14 Facsimile: 214-922-3899

15
   *Attorneys for Plaintiffs Nokia Corporation and Nokia Inc.*
16

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | MDL No. 07-md-1827<br>Case No. 09-cv-5609<br><br>**PLAINTIFFS NOKIA CORPORATION'S AND NOKIA INC.'S RESPONSE TO DEFENDANTS AU OPTRONICS CORPORATION'S AND AU OPTRONICS CORPORATION AMERICA'S ADMINISTRATIVE MOTION FOR CLARIFICATION PURSUANT TO LOCAL CIVIL RULE 7-11** |
| This Document Relates to:<br><br>09-cv-5609 and  07-md-1827<br><br>*Nokia Corporation et al. v. AU Optronics Corporation, et al.*, Case No. 09-cv-5609 | |

Plaintiffs Nokia Corporation and Nokia Inc. (collectively, "Nokia") file this Response in Opposition to Defendants AU Optronics Corporation's and AU Optronics Corporation America's (collectively, "AUO") Administrative Motion for Clarification Pursuant to Local Civil Rule 7-11 (the "Motion" or "AUO Motion").[1]  For the reasons set forth below, Plaintiffs respectfully submit that this Court's July 6, 2011 Order Granting AU Optronics Corporation's Motion to Compel Arbitration, Master Dkt. No. 3034 (the "Arbitration Order") is clear, consistent with similar orders in this case, and in keeping with generally accepted precedent regarding the enforcement of arbitration provisions.  Nokia requests that this Court deny the Motion and affirm that the plain language of the Arbitration Order only stays Nokia's claims "insofar as those claims relate to Nokia's purchases from AUO," and allows Nokia to pursue claims against AUO for joint and several liability for purchases from co-conspirators in this Multi-District Litigation.

> This Court ruled that the arbitration agreement between the parties
>
> > govern[s] Nokia's present claims against AUO **insofar as those claims relate to Nokia's purchases from AUO**.  Nokia remains free to proceed with its claims against AUO's alleged co-conspirators that are based upon purchases from AUO.  It may also proceed with its claims that are based upon purchases from defendants other than AUO.

Arbitration Order, Master Dkt. No. 3034 at 9:13-18 (emphasis added).  This language is clear and needs no clarification.  First, the arbitration agreement governs Nokia's claims against AUO only "insofar as those claims relate to Nokia's purchases from AUO." *Id.* at 9:14.  Second, as AUO noted in its Motion, this Court stated that Nokia was free to pursue its claims against

---

[1] As a preliminary matter, Nokia notes that the Motion is improper.  First, AUO failed to accompany the Motion with a proposed order as required by Local Rule 7-11(a).  Second, AUO's attempts to reach an agreement with Nokia with respect to this Motion consisted of two letters and no in person discussions, in violation of Local Rule 1-5(n) and did not seek a stipulation with Nokia regarding a proposed order.  *See* Declaration of Valarie C. Williams ("Williams Decl.") ¶ 10 and Exs. F & G.  Nonetheless, because the trial in this matter is rapidly approaching, Nokia will respond on the merits to AUO's Motion.

1   additional co-conspirators that are based upon purchases from AUO and "also may proceed with
2   its claims that are based upon purchases from defendants other than AUO." AUO Motion,
3   Master Dkt. No. 6116 at 2-3 (emphasis omitted) (quoting Arbitration Order, Master Dkt. No.
4   3034, at 9:16-17). That is precisely what Nokia seeks to do – proceed with claims against AUO
5   for joint and several liability for purchases from SDI, Sharp, and others.

6   Nokia's reading of the plain language of this Court's Arbitration Order is consistent with
7   similar subsequent orders in this Multi-District Litigation. *See* Order Granting in Part NEC
8   Defendants' Motion to Compel Arbitration ("Jaco-NEC Order"), Master Dkt. No. 4526 at 1, Jan.
9   10, 2012; *see also* Order Granting Dell's Motion for Leave to Amend Complaint ("Dell Order"),
10  Master Dkt. No. 3213 at 2, August 3, 2011.

11  AUO argues that the Arbitration Order here should be interpreted differently than the
12  Court's subsequent arbitration orders for Dell and Jaco. But no rationale for why the court
13  should rule inconsistent with those cases is provided. In the Jaco-NEC Order, for example, the
14  Court, in interpreting an "exceptionally broad" arbitration order, similarly held that "Jaco's
15  claims are arbitrable to the extent they are based upon purchases it made directly from NEC."
16  Jaco-NEC Order, Master Dkt. No. 4526 at 2:23-24. The Court explained that "to the extent
17  Jaco's claims against NEC are based on coconspirator liability for purchases Jaco made from
18  other defendants, such claims are not subject to arbitration." *Id.* at 2:24-25. This may be slightly
19  more explicit than the language in the Arbitration Order, but it is certainly not contradictory, and
20  its meaning is the same. There is no reason to think the Court would construe two similar
21  arbitration clauses in the same way and then come up with a strikingly different remedy.

22  AUO's attempt to distinguish the Dell Order is even more confusing and unfounded.
23  AUO argues that the arbitration clause at issue in the Dell Order was narrower in scope with
24  respect to the time period of purchases covered than the arbitration clause between AUO and
25  Nokia. AUO Motion, Master Dkt. No. 6116 at 4:8-10. AUO, however, does not explain why
26  this supposedly led the Court to arrive at a different conclusion on Dell's joint and several claims
27  against AUO. More importantly, AUO admits that the Dell Order to allow Dell's joint and
28

1  several claims against AUO to go forward. The Court there, as here, simply limited the stay to
2  claims related to the plaintiff's purchases from AUO that were covered by the arbitration
3  agreement.

4  AUO's interpretation is also inconsistent with a recent ruling from the Special Master. In
5  interpreting the Arbitration Order in regards to a discovery dispute between AUO and Nokia,
6  Special Master Martin Quinn stated "[t]he stay of Nokia's claims for damages against AUO in
7  this action **arising out of AUO's sales to Nokia** was not intended to bar all discovery from AUO
8  relevant to **other types of claims, by either Nokia or other parties**." Williams Decl., Ex. A,
9  June 5, 2012 email from Special Master M. Quinn to C. Blumenstein and V. Williams ("Quinn
10  Email") (emphasis added) (stating "Judge Illston concurs with this order.").

11  None of AUO's arguments hold water. Nokia acknowledges and agrees that there is a
12  general policy favoring enforcement of arbitration provisions, but the "clarification" AUO seeks
13  through this Motion is a radical departure from the language of the arbitration agreement, the
14  Arbitration Order, and FAA jurisprudence.[2] AUO's interpretation would eviscerate the Court's
15  holding that the arbitration clause applies only to claims based on Nokia purchases from AUO
16  under the Product Purchase Agreement at issue. AUO seeks to recast the Arbitration Order to
17  exempt itself from joint and several liability for illegal conduct involving Nokia's purchases
18  from other Defendants that were purchased subject to different purchase agreements. Under this
19  interpretation, AUO's liability for its illegal agreements with SDI that resulted in Nokia paying a
20  higher price for an LCD purchased from SDI would also be stayed even though those purchases
21  were pursuant to Nokia's agreement with SDI or Sharp or other co-conspirators, and may have
22  occurred long before Nokia and AUO entered any contract. The consequence of affirming
23  AUO's reading of the Arbitration Order is to encourage convicted conspirators like AUO to wrap

---

[2] "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Arbitration Order, Master Dkt. No. 3034, at 4:2-4 (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960).

NOKIA'S RESPONSE TO DEFENDANTS AUO'S MOTION FOR CLARIFICATION     3     MDL FILE NO. 3:07-MD-1827
CASE NO. 09-CV-5609

1  their illegal and hidden activity in a broad arbitration clause at the end of the conspiracy and
2  hope that the Court will bundle all of the illegal acts into that cleverly worded contract.[3] This
3  Court avoided that outcome in the Jaco and Dell rulings, and should reaffirm the plain language
4  of the Arbitration Order here.

5  Finally, AUO asserts that it has been prejudiced because Nokia did not tell AUO how
6  Nokia read the Arbitration Order until June: "It was just last month [June 2012], in the context of
7  a discovery issue before the Special Master, that Nokia advised the AUO defendants of its view
8  that they were still parties to the lawsuit with respect to joint and several claims." AUO Motion,
9  Master Dkt. No. 6116 at 6:10. AUO's statement is absolutely, patently, completely, and utterly
10 false. In **November 2011** during meet and confer negotiations regarding the scheduling of
11 percipient witnesses, Nokia made clear to AUO that it intended to pursue claims against AUO
12 arising from purchases of LCDs from AUO's co-conspirators. *See* Williams Decl., ¶¶ 8-9, Ex. E,
13 November 16, 2011 Email from C. Blumenstein to V. Williams and Ex. G, June 28, 2012 Letter
14 from B. P. Miller to C. Blumenstein. On **April 2, 2012**, three months before the Motion before
15 the Court, Nokia informed AUO that "Nokia may still pursue claims against AUO in the US
16 litigation based on AUO's joint and several liability for Nokia's US purchases from other
17 defendants. Purchases from other defendants are in no way subject to the arbitration clause
18 between AUO and Nokia." *Id.*, Ex. B, Apr. 2, 2012 email from V. Williams to C. Nedeau
19 (portions redacted). Further, Nokia attended depositions of AUO percipient and expert witnesses
20 in **April 2012**. *See id.*, Ex. C, Transcript of the Deposition of AUO Employee Renee Wang and
21 Ex. D, Transcript of the Deposition of AUO Expert Dr. Douglas J. Guthrie. These depositions
22 occurred two months before AUO's failed attempt to intervene in Nokia's participation in the
23 deposition of AUO employee David Su. *See id.*, Ex. A, Quinn Email.

---

[3] AUO appears to be attempting to deny Nokia a venue to resolve its joint and several liability claims. In arbitration AUO would be in a position to argue that the parties only agreed to arbitrate what was covered by the supply contract. Such a result would leave Nokia without recourse to recover for the effects of AUO's illegal conduct on Nokia's other purchases.

NOKIA'S RESPONSE TO DEFENDANTS AUO'S MOTION FOR CLARIFICATION     4     MDL FILE NO. 3:07-MD-1827
CASE NO. 09-CV-5609

To the extent that AUO misread the Court's Arbitration Order, they did so at their own peril. This last minute gamesmanship, including the patently false assertion that this issue was first brought to AUO's attention in June of this year, mirrors the intellectually dishonest reading of this Court's Arbitration Order, particularly in light of the subsequent orders by this Court related to similar arbitration motions and Special Master Quinn's ruling from just last month. The plain language of the Arbitration Order is clear, and Nokia's right to pursue claims from AUO in the Multi-District Litigation for damages arising from the purchase of LCDs from AUO's co-conspirators should remain unaffected by the Arbitration Order.

Respectfully submitted this 18th day of July, 2012.

By: /s/ Valarie C. Williams

Randall Allen (State Bar No. 264067)
**ALSTON + BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, California 94025
Telephone: 650-838-2000
Facsimile: 650-838-2001
Email: randall.allen@alston.com

Peter Kontio (peter.kontio@alston.com)
Valarie C. Williams (valarie.williams@alston.com)
B. Parker Miller (parker.miller@alston.com)
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777

Richard W. Stimson (rick.stimson@alston.com)
**ALSTON + BIRD LLP**
Chase Tower, Suite 3601
2200 Ross Avenue
Dallas, Texas 75201
Telephone: 214-922-3400
Facsimile: 214-922-3899

*Counsel for Plaintiffs Nokia Corporation and Nokia Inc.*

Randall Allen (State Bar No. 264067)
**ALSTON + BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, California 94025
Telephone: 650-838-2000
Facsimile: 650-838-2001
Email: randall.allen@alston.com

Peter Kontio (peter.kontio@alston.com)
Valarie C. Williams (valarie.williams@alston.com)
B. Parker Miller (parker.miller@alston.com)
**ALSTON + BIRD LLP**
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777

Richard W. Stimson (rick.stimson@alston.com)
**ALSTON + BIRD LLP**
Chase Tower, Suite 3601
2200 Ross Avenue
Dallas, Texas 75201
Telephone: 214-922-3400
Facsimile: 214-922-3899

*Attorneys for Plaintiffs Nokia Corporation and Nokia Inc.*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION<br><br>This Document Relates to: 3:09-CV-5609 and 3:07-MD-1827<br><br>NOKIA CORPORATION and NOKIA INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AU OPTRONICS CORPORATION et al.<br><br>Defendants. | CASE NO: 3:09-CV-5609<br>MDL FILE NO: 3:07-MD-1827<br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**      1      **MDL FILE NO. 3:07-MD-1827-SI**

I hereby certify that on July 18, 2012, I electronically filed the foregoing **PLAINTIFFS NOKIA CORPORATION'S AND NOKIA INC.'S RESPONSE TO DEFENDANTS AU OPTRONICS CORPORATION'S AND AU OPTRONICS CORPORATION AMERICA'S ADMINISTRATIVE MOTION FOR CLARIFICATION PURSUANT TO LOCAL CIVIL RULE 7-11**, along with any and all exhibits attached thereto, with the Clerk of Court using the CM/ECF system which will automatically send email notification to the parties and counsel of record.

This 18th day of July, 2012.

By: */s/ Edward P. Bonapfel*

**ALSTON + BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777